UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

YOANDRA GENER

      Plaintiff,

Case No.:

v.

ANDINA MIAMI CORP., d/b/a CEVICHE Y LIMON PERUVIAN RESTAURANT and AUGUSTO INGAR, individually,

      Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, YOANDRA GENER (hereinafter "GENER"), by and through her undersigned counsel, and files this Complaint against ANDINA MIAMI CORP., d/b/a CEVICHE Y LIMON PERUVIAN RESTAURANT (hereinafter, "ANDINA MIAMI CORP") and AUGUSTO INGAR (hereinafter "INGAR") (collectively "the Defendants"), and in support alleges as follows:

1. This is an action to recover money damages for unpaid wages under the law of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. This is an action brought by GENER to recover from the Defendants for unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

3. At all times material hereto, GENER was, and continues to be a resident of Miami-Dade County, Florida.

4. Defendant, ANDINA MIAMI CORP, at all relevant times, is a Florida Corporation with its principal place of business located at 7317 SW 107 AVE and whose registered agent is AUGUSTO INGAR.

5. The Defendant corporation operates a Peruvian restaurant in Miami-Dade County. As a result of the service provided by Defendant, two or more of its employees regularly handled and worked with goods and materials that moved in and/or were produced in interstate commerce.

6. At all times material hereto, AUGUSTO INGAR was an individual resident of the State of Florida, and who regularly exercised the authority to: (1) hire and fire employees, and (2) control the finances and payment schedules of the Plaintiff.

7. The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

8. At all times material hereto, Plaintiff was "engaged in commerce" and subject to the individual coverage of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the state of Florida.

9. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

10. Upon information and belief, ANDINA MIAMI CORP's gross sales or business exceeded $500,000.00 per annum for the relevant time periods alleged in this complaint.

11. At all times material hereto, the Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

12. At all relevant times hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

13. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due and for its failure to compensate any wages due whatsoever.

## COMMON FACTUAL ALLEGATIONS

14. From approximately August 2014 through June 2015, GENER was employed by ANDINA MIAMI CORP. as a waitress.

15. GENER did not receive any compensation for approximately four months during her employment at ANDINA MIAMI CORP.

16. GENER was compensated at a rate of $4.25 per hour.

17. During the months of December 2014 through February 2015, and May 2015 through June 2015, GENER was never compensated any monies owed to her, neither for regular hours nor overtime hours.

18. Because GENER was not paid any wages during the above referenced months and received only tips, GENER is entitled to the full minimum wage rate of $8.05 per hour.

## COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT (MINIMUM WAGE VIOLATION)

19. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 18.

20. At all times relevant to this Complaint, the Defendant NORTH AND SOUTH has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA 29 U.S.C. §203(d).

21. At all times relevant to this Complaint, the Defendants employed Plaintiffs within the definition of the FLSA 29 U.S.C. §203(e)(1).

22. At all times relevant to this Complaint, the Defendant has had gross operating revenues in excess of $500,000.00, 29 U.S.C. 203(s)(1)(A)(i) and (ii).

23. Plaintiff consents to sue in this action pursuant to the Fair Labor Standards Act.

24. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

25. 29 U.S.C. § 206 (a) (1) requires that an employer pay an employee an applicable minimum wage per hour worked.

26. Plaintiff was a tipped employee and received no cash wages from approximately December 2014 through February 2015 and approximately May 2015 through June 2015.

27. Plaintiff is entitled to be paid full minimum wage compensation for all hours worked.

28. At all times relevant to this Complaint, Defendant ANDINA MIAMI CORP had never paid any wages to Plaintiff, thus Defendant did not meet the applicable Federal Minimum Wage required by the FLSA for said period of time.

29. Defendant ANDINA MIAMI CORP's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME WAGE VIOLATION)

30. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 18.

31. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

32. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

33. 29 U.S.C. § 207 (a) (1) requires that employers compensate an employee at least at one and a half times the employee's regular rate for hours an employee works in excess of forty (40) hours in any work week.

34. From approximately December 2014 through June 2015 GENER worked approximately three hundred twenty five (325) hours in excess of the forty (40) hour work week for ANDINA MIAMI CORP.

35. Defendants did not pay GENER at all for the 325 hours that GENER worked in excess of the forty (40) hour work week ANDINA MIAMI CORP.

36. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, GENER should have been paid at a rate of time and a half per hour by the Defendants for the approximately 325 hours that GENER worked in excess of the forty (40) hour work week for ANDINA MIAMI CORP.

37. As a result of the Defendants willful failure to pay GENER at the proper rate of pay for the approximate 325 hours that GENER worked in excess of the forty (40) hour work week for ANDINA MIAMI CORP, Defendants have violated the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

THE CORONA LAW FIRM
3899 NW 7th Street, 202B
Miami, Florida 33126
Ph: (305) 266-1150
Fax: (305) 266-1151
Email: nina@coronapa.com
Secondary: civil@coronapa.com

BY: _____
Ricardo Corona, Esq.
FL Bar No. 111333
Nina Tarafa, Esq.
FL Bar No. 12178